**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUAN ANTONIO BARRIENTOS ARREDONDO, an individual, on behalf of himself and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) Case No.: 1:23-cv-1131 |
| Plaintiff, | ) ) |
| v. | ) ) |
| KRYSTAL KLEAN HAND CAR WASH & DETAIL, INC., an Illinois corporation, and LUIS FERNANDEZ, an individual, | ) ) ) ) |
| Defendants. | ) |

**COLLECTIVE ACTION COMPLAINT**

The Plaintiff, Juan Antonio Barrientos Arredondo, on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Krystal Klean Hand Car Wash & Detail, Inc. and Luis Fernandez (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff, and other similarly situated employees, statutory minimum wages and overtime compensation for hours worked over forty (40) in a workweek. Plaintiff and other similarly situated employees are current and former car wash attendants at Defendants' Krystal Klean Hand Car Wash & Detail business.

1

2. Plaintiff brings his FLSA claims as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff, Juan Antonio Barrientos Arredondo ("Barrientos") is a former employee of the Defendants' Krystal Klean Hand Car Wash & Detail business located at 8239 South Pulaski Road in Chicago, Illinois ("Krystal Klean"). Plaintiff worked as a car wash attendant at Defendants' Krystal Klean car wash and detailing business for approximately three months during the summer of 2019, and then again from approximately June 27, 2021 through the end of November, 2021 and July 3, 2022 through February 7, 2023.

6. During the course of his employment, Plaintiff regularly used and handled goods and materials, including cleaning products, tools, and equipment which moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiff resides in and is domiciled in this judicial district.

8. Defendant Krystal Klean Hand Car Wash & Detail, Inc. is an Illinois corporation that operates the Krystal Klean car wash and detail business on South Pulaski Road in Chicago,

Illinois and is engaged in providing car wash, detailing and automobile window repair services to the general public.

9. Defendant Krystal Klean Hand Car Wash & Detail, Inc. is registered in Illinois as a corporation and its president, secretary, registered agent and registered office are located within this judicial district.

10. Defendants have earned more than $500,000 in annual gross revenue during 2021, 2022 and 2023.

11. Defendant Luis Fernandez ("Fernandez"), is an owner and manager of the Krystal Klean car wash and detail business and he is the owner and president of the business' operating entity, Krystal Klean Hand Car Wash & Detail, Inc.

12. At all times relevant to this action, Defendant Fernandez possessed extensive oversight over the Krystal Klean car wash and detailing business operations. Defendant Fernandez was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

13. Defendant Fernandez resides in and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

14. During the period from June 27, 2021 through the end of November, 2021 and approximately July 3, 2022 through February 7, 2023, Plaintiff Barrientos regularly worked six (6) or seven (7) days each workweek including Monday through Saturday from 8:00 a.m. to 6:00 p.m., and Sunday from 8:00 a.m. to 2:00 p.m. Plaintiff Barrientos typically took one half-hour lunch break on Monday through Saturday, but not Sunday.

15. Based on his work schedules, Plaintiff regularly worked between fifty-three (53) and sixty-three (63) hours in individual workweeks from June 27, 2021 through the end of November, 2021 and from July 3, 2022 through February 7, 2023.

16. At all times relevant, Defendants imposed a dual wage payment scheme on Plaintiff, and other similarly situated employees, in which they paid a portion of Plaintiff's wages with a payroll check, usually less than one-half of his bi-weekly work hours, and paid for the remainder of Plaintiff's bi-weekly work hours with unreported cash all at his straight time hourly rate of pay.

17. With respect to wages paid with a payroll check, Defendants elected to pay Plaintiff Barrientos, and other similarly situated employees, using a tip credit. Defendants paid hourly wages below the minimum wage and purported to use tips to make up the difference. However, Defendants committed numerous minimum wage and tip credit violations which invalidated the tip credit and required Defendants to pay Plaintiff Barrientos, and other similarly situated employees, the full minimum wage. Defendants' violations included: (a) withholding tips from Plaintiff including tips paid by customers with credit cards, (b) falsely recording tips as having been paid to Plaintiff, (c) failing to pay any direct wages for certain hours of work; (d) failing to make up the difference between the tip credit taken and tips received when insufficient tips were received; and, (e) failing to notify Plaintiff of the tip credit rules and regulations.

18. As a result of Defendants' payment schemes, Plaintiff was paid below the statutory minimum wage rates throughout his term of his employment.

19. Additionally, Defendants did not compensate Plaintiff, and other non-exempt car wash attendants, at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

4

20. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, § 6-105-120 of the CMWO, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

21. Plaintiff brings his FLSA claims as a collective action on behalf of himself and all other similarly situated current and former car wash attendants that worked for Defendants during the last three years before the filing of this suit.

22. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former car wash attendants have had substantially similar job descriptions, job requirements and pay rates.

23. Plaintiff, and all other similarly situated current and former car wash attendants were paid below the statutory minimum wage rates.

24. Additionally, Plaintiff and other similarly situated current and former car wash attendants worked more than forty (40) hours in individual workweeks and did not receive an overtime premium for hours worked in excess of forty (40) in a workweek.

25. Plaintiff and the other similarly situated car wash attendants were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay statutory minimum wages, and willfully refusing to pay overtime compensation when non-exempt employees worked in excess of forty (40) hours in an individual workweek.

26. During the last three years before the filing of this suit, Defendants had a common policy and practice that consisted of (a) compensating the Plaintiff and other similarly situated current and former car wash attendants below the required minimum wage and (b) not paying

overtime compensation to the named Plaintiff and other similarly situated current and former car wash attendants for hours worked in excess of forty (40) in a workweek.

27. Defendants at all times failed to pay Plaintiff, and other similarly situated car wash attendants overtime compensation including at a rate of one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual work week.

28. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

29. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

30. There are numerous similarly situated current and former car wash attendants who worked for Defendants' car wash and detailing business and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

31. The similarly situated current and former car wash attendants are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
## Violation of the Fair labor Standards Act – Overtime Wages

32. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

33. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

34. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §§ 207, 213.

35. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

36. Defendant Krystal Klean Hand Car Wash & Detail, Inc. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

37. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other non-exempt car wash attendants worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

39. Defendants' violation of the Fair Labor Standards Act by refusing to pay overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime wages even though Plaintiff and other car wash attendants were scheduled to work and regularly did work substantially more than forty (40) hours in individual workweeks. Defendants further avoided paying overtime wages by imposing a dual wage payment scheme in which a portion of Plaintiff's work hours were paid with a payroll check, usually less than half of his bi-weekly work hours, with the remainder of Plaintiff's work hours paid by Defendants with cash "under the table". Defendants also issued payroll checks and wage stubs that stated a false number of hours of work and falsely reported payment of tips. Upon information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue departmental agencies. Furthermore, Defendants failed to record the number of hours worked by Plaintiff and other non-exempt employees and Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Juan Antonio Barrientos Arredondo, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Krystal Klean Hand Car Wash & Detail, Inc. and Luis Fernandez, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act – Minimum Wages

40. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

41. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

42. Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

43. During the course of Plaintiff's employment with Defendants, Defendants employed other car wash attendants who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

44. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

45. Defendant Krystal Klean Hand Car Wash & Detail, Inc. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce

or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

46. Pursuant to 29 U.S.C. § 206, Plaintiff, as well as other non-exempt car wash attendants were entitled to be compensated according to the applicable minimum wage rate.

47. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff and other non-exempt car wash attendants minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiff with cash "under the table" and by providing wage statement records that falsely reported hours worked and tips paid. On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiff and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Juan Antonio Barrientos Arredondo, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Krystal Klean Hand Car Wash & Detail, Inc. and Luis Fernandez, as follows:

    A. Judgment in the amount of unpaid minimum wages found due;

    B. Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

    C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Illinois Minimum Wage Law – Overtime Wages

48. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

49. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

50. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

51. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

52. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

53. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Juan Antonio Barrientos Arredondo, prays for a judgment against Defendants, Krystal Klean Hand Car Wash & Detail, Inc. and Luis Fernandez, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages

54. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

55. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

56. Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

57. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

58. Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Juan Antonio Barrientos Arredondo, prays for a judgment against Defendants, Krystal Klean Hand Car Wash & Detail, Inc. and Luis Fernandez, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Chicago Minimum Wage and Paid Sick Leave Ordinance – Overtime Wages

59. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

60. Plaintiff was an "employee" under the CMWO § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 6-105-040.

61. Defendants were each an "employer" as defined in the CMWO § 6-105-010.

62. Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

63. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

**WHEREFORE**, the Plaintiff, Juan Antonio Barrientos Arredondo, prays for a judgment against Defendants, Krystal Klean Hand Car Wash & Detail, Inc. and Luis Fernandez, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the Chicago Minimum Wage and Paid Sick Leave Ordinance – Minimum Wages

64. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

65. Plaintiff was an "employee" under the CMWO, § 6-105-010 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 6-105-020.

66. Defendants were each an "employer" as defined in the CMWO, § 6-105-010.

67. Under § 6-105-020, Plaintiff was entitled to be compensated according to the minimum wage requirements of CMWO.

68. Defendants' failure and refusal to pay wages at the minimum wage rate was a violation of the minimum wage provisions of the CMWO § 6-105-020.

**WHEREFORE**, the Plaintiff, Juan Antonio Barrientos Arredondo, prays for a judgment against Defendants, Krystal Klean Hand Car Wash & Detail, Inc. and Luis Fernandez, as follows:

A. Judgment in the amount of unpaid minimum wages found due;

B. Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.


Dated: February 24, 2023

Respectfully submitted,

Juan Antonio Barrientos Arredondo,
on behalf of himself and all other plaintiffs
similarly situated, known and known,
Plaintiff,


/s/ Timothy M. Nolan
_____
Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com

13